UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
STUART E. STEINBERG, Individually and as Special
Administrator of the ESTATE OF MAX D.
STEINBERG, EVIE R. STEINBERG, PAIGE P. TEREN
and JAKE R. STEINBERG,

                  Plaintiffs,

                  -against-

QATAR CHARITY, QATAR NATIONAL BANK and
MASRAF AL RAYAN,

                  Defendants.
------------------------------------------------------------------- X

Case No. 24-CV-4999-ENV-SJB

Served on Defendants' U.S.
Counsel on October 16, 2024


# PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ORDER AUTHORIZING SERVICE OF PROCESS PURSUANT TO RULE 4(f)(3) OR, ALTERNATIVELY, FOR ISSUANCE OF LETTERS ROGATORY

FLEISCHMAN BONNER & ROCCO LLP
James P. Bonner (jbonner@fbrllp.com)
Patrick L. Rocco (procco@fbrllp.com)
Susan M. Davies (sdavies@fbrllp.com)
81 Main Street, Suite 515
White Plains, New York 10601
(908) 516-2066

*Counsel for Plaintiffs*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

NATURE OF SUIT AND PROCEDURAL HISTORY .............................................................................. 1

ARGUMENT .................................................................................................................................... 5

I.  THE COURT HAS DISCRETION TO ORDER
    ALTERNATIVE SERVICE UNDER RULE 4(f)(3) ................................................................... 6

    A.  Courts Routinely Order Service on a Foreign
        Defendant's U.S. Counsel Pursuant to Rule 4(f)(3) ............................................... 7

    B.  Service on Defendants' U.S. Counsel Is Not Prohibited By
        International Agreement and Comports with Due Process ................................... 7

    C.  The Length of Time It Will Take to Serve
        the Defendants via Letters Rogatory Justifies
        Exercise of the Court's Discretion Pursuant to Rule 4(f)(3) ................................. 9

II. ALTERNATIVELY, PLAINTIFFS REQUEST ISSUANCE OF LETTERS ROGATORY ........................ 12

CONCLUSION ................................................................................................................................ 13

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aircraft Engine Lease Finance, Inc. v. Plus Ultra Lineas Aereas, S.A.*,
    2021 WL 6621578 (S.D.N.Y. April 23, 2021) ............................................................. 10

*Ehrenfeld v. Salim a Bin Mahfouz*,
    2005 WL 696769 (S.D.N.Y. Mar. 23, 2005) ............................................................. 8, 11

*Equipav S.A. Pavimentação, Engenharia e Comercia Ltda. v. Bertin*,
    2022 WL 2758417 (S.D.N.Y. July 14, 2022) .............................................................. 10

*Freedom Watch, Inc. v. Organization of the Petroleum Exporting Countries*,
    766 F.3d 74 (D.C. Cir. 2014) ........................................................................................ 7

*Group One Ltd. v. GTE GMBH*,
    523 F. Supp. 3d 323 (E.D.N.Y. 2021) ...................................................................... 6, 7

*In GLG Life Tech Corp. Securities Litig.*,
    287 F.R.D. 262 (S.D.N.Y. 2012) ............................................................................ 7, 10

*In re Qiwi PLC Securities Litig.*,
    2022 WL 20527316 (E.D.N.Y. Sept. 30, 2022) ............................................................ 7

*Jones v. Stanford*,
    525 F. Supp. 3d 420 (E.D.N.Y 2021) ......................................................................... 11

*Kaneka Corp. v. Purestart Chem Enterprise Co.*,
    2017 WL 11509784 (E.D.N.Y. Oct. 17, 2017) ............................................................. 6

*Makina ve Kimya Endustrisi A.S. v. A.S.A.P. Logistics Ltd.*,
    2022 WL 3018243 (S.D.N.Y. July 29, 2022) ............................................................. 10

*Merrimack Mut. Ins. Co. v. New Widetech Indus. Co.*,
    2020 WL 5879405 (D. Conn. Oct. 2, 2020) ................................................................. 6

*Mullane v. Central Hanover Bank & Trust Co.*,
    339 U.S. 306 (1950) ...................................................................................................... 8

*Noble Security, Inc. v. Ingamar Co.*,
    2021 WL 2012508 (E.D.N.Y. May 20, 2021) .................................................... 6, 8, 12

*Payne v. McGettigan's Management Services LLC*,
    2019 WL 6647804 (S.D.N.Y. Nov. 19, 2019) .............................................................. 6

*Prediction Co. v. Rajharhia*,
    2010 WL 1050307 (S.D.N.Y. Mar. 22, 2010) .............................................................. 9

*Przewozman v. Qatar Charity, Qatar National Bank, and Masraf Al Rayan*,
2023 WL 2562537 (E.D.N.Y. Mar. 17, 2023) .................................................................. 10

*Richmond Techs., Inc. v. Aumtech Bus. Solutions*,
2011 WL 2607858 (N.D. Cal. July 1, 2011) ..................................................................... 7

*Rio Properties, Inc. v. Rio Int'l Interlink*,
284 F.3d 1007 (9th Cir. 2002) .......................................................................................... 6

*RSM Production Corp v. Fridman*,
2007 WL 2295907 (S.D.N.Y. Aug. 10, 2007) ............................................................. 8, 11

*Sotloff v. Qatar Charity*,
No. 9:22-cv-80726-DMM (S.D. Fla. Dec. 1, 2022) ........................................... 7, 8, 9, 11

*Target Corp. Au Optronics Corp.*,
2011 WL 845882 (N.D. Cal. Mar. 8, 2011) ................................................................ 8, 11

*United States v. Fawwaz*,
2014 WL 627083 (S.D.N.Y. Feb. 18, 2014) ................................................................... 12

*United States v. Lebanese Canadian Bank SAL*,
285 F.R.D. 262 (S.D.N.Y. 2012) ....................................................................................... 6

*Vega v. Hastens Beds, Inc.*,
342 F.R.D. 61 (S.D.N.Y. 2022) ....................................................................................... 10

*Washington State Inv. Board v. Odebrecht S.A.*,
2018 WL 6253877 (S.D.N.Y. Sept. 21, 2018) ...................................................... 8, 10, 11

*Wei Su v. Sotheby's, Inc.*,
2018 WL 4804675 (S.D.N.Y. Oct. 3, 2018) ..................................................................... 9

*Zhang v. Baidu.com Inc.*,
293 F.R.D. 508 (S.D.N.Y. 2013) .............................................................................. 6, 7, 9

**Statutes**

18 U.S.C. § 2333 .................................................................................................................... 1

18 U.S.C. § 2334 .................................................................................................................... 2

18 U.S.C. § 2338 .................................................................................................................... 1

18 U.S.C. § 2339A .................................................................................................................. 1

18 U.S.C. § 2339B .................................................................................................................. 1

28 U.S.C. § 1331 .................................................................................................................... 1

28 U.S.C. § 1781 ............................................................................................................................. 12

New York CPLR § 302 ................................................................................................................... 2

**Rules**

Fed. R. Civ. P. 4(f)(1) ............................................................................................................. 5, 6, 9

Fed. R. Civ. P. 4(f)(2)(A) .............................................................................................................. 9

Fed. R. Civ. P. 4(f)(2)(B) .............................................................................................................. 5

Fed. R. Civ. P. 4(f)(2)(C) ........................................................................................................... 5, 9

Fed. R. Civ. P. 4(f)(3) ............................................................................................................ passim

Fed. R. Civ. P. 4(h)(2) .................................................................................................................. 5

Fed. R. Civ. P. 4(k) ....................................................................................................................... 2

Fed. R. Civ. P. 24(b)(1)(B) ........................................................................................................... 4

**Other Authorities**

7C Wright & Miller, Federal Practice & Procedure § 1913 (3d ed. 2020) .................................. 12

Plaintiffs respectfully submit this memorandum of law in support of their motion seeking relief necessary for Plaintiffs to effect service of process on three Qatar-based defendants. Primarily, Plaintiffs seek leave to serve the Defendants through the U.S. legal counsel representing Defendants in two related actions currently pending in this District. Alternatively, Plaintiffs seek issuance of letters rogatory to effect service of process through the United States Department of State and the appropriate authorities in the State of Qatar. As explained below, service via letters rogatory will involve significant delay, and is unnecessary given that service on the Defendant's legal counsel in the United States is certain to provide notice to the Defendants—who are already aware of this action—and comports with due process.

## NATURE OF SUIT AND PROCEDURAL HISTORY

Max D. Steinberg was a United States citizen who was murdered on July 20, 2014 in a terrorist attack committed in Israel by HAMAS, which is a U.S. government-designated Foreign Terrorist Organization. *See* Docket Entry ("DE") 1 (Complaint) at ¶ 1 (at p. 1), ¶¶ 52, 291-302. The Plaintiffs in this action are Max's estate, his parents, and his two siblings. *See id*. at ¶¶ 1-5 (at pp. 5-6). Plaintiffs allege that Defendants Qatar Charity, Qatar National Bank, and Masraf Al Rayan conspired to launder funds of the State of Qatar through the United States and Europe for the benefit of HAMAS. *See id*. at ¶¶ 69-289. Plaintiffs assert claims against all three Defendants under the Anti-Terrorism Act, 18 U.S.C. §§ 2333, 2339A and 2339B, for their roles in facilitating the terrorist attack in which Max was murdered. *See id*. at ¶¶ 303-359.

Defendants Qatar Charity, Qatar National Bank, and Masraf Al Rayan are entities created under the laws of the State of Qatar. *See* Complaint at ¶¶ 7 (at p. 2), 33, 44. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 18 U.S.C. §§ 2333(a) and 2338 as a civil action brought by citizens of the United States who have been

injured by reason of acts of international terrorism, and their estates, survivors, and heirs.  *See* Complaint at ¶¶ 1-5 (at pp. 5-6), ¶¶ 19-20 (at p. 4).  Defendants are subject to personal jurisdiction in the United States pursuant to 18 U.S.C. § 2334(a), CPLR § 302, and Fed. R. Civ. P. 4(k)(1)-(2) because they have transacted business and committed tortious acts within the United States (and New York) by transferring funds through the United States (and New York) for the benefit of HAMAS and have purposefully availed themselves of United States jurisdiction in the course of committing the wrongful acts Plaintiffs allege.  *See* Complaint at ¶¶ 22-24 (at pp. 4-5), ¶¶ 121-133.

Two other groups of Plaintiffs have asserted substantially similar claims against the same three Defendants in two law suits that are currently pending in this District.  In *Force, et al. v. Qatar Charity, Qatar National Bank, and Masraf Al Rayan*, Case No. 1:20-cv-02578-BMC, which was commenced on June 10, 2020, Defendants' motion to dismiss is currently pending before the Honorable Brian M. Cogan.  *See* Declaration of Patrick L. Rocco executed on October 16, 2024 ("Rocco Decl.") at ¶¶ 3, 4, 7, 16 and Ex. 1.  In *Henkin, et al. v. Qatar Charity, Qatar National Bank, and Masraf Al Rayan*, Case No. 1:21-cv-05716-RER-VMS, which was commenced on October 13, 2021, the plaintiffs' claims against Qatar National Bank were dismissed on March 31, 2023, and plaintiffs are now conducting jurisdictional discovery with respect to Qatar Charity and Masraf Al Rayan pursuant to orders entered by Judge Ann M. Donnelly and Magistrate Judge Vera M. Scanlon.  *See id*. at ¶¶ 3, 5, 7, 161 and Ex. 2.  A third related action that was commenced against the same three Defendants on December 15, 2020, *Przewozman, et al. v. Qatar Charity, Qatar National Bank, and Masraf Al Rayan*, Case No. 1:20-cv-06088-NGG-TAM, was dismissed by the Honorable Nicholas G. Garaufis on July 11, 2023.  *See id*. at ¶¶ 6-7 and Ex. 3.

2

Upon its commencement, the instant action was identified as related to the pending *Force* and *Henkin* Actions. *See* ECF #1-1 (Civil Cover Sheet) and July 19, 2024 Docket Entry; Rocco Decl. at ¶ 16. The complaints in the *Force*, *Henkin*, *Przewozman*, and *Steinberg* Actions all allege that by means of the same conspiracy, the three Qatari Defendants provided material support to HAMAS and another terrorist organization to commit terrorist attacks in Israel between 2014 and 2016 in which U.S. citizens were killed and injured. *See id.* at ¶ 7.

In both *Force* and *Henkin*, the Defendants are currently represented by the following counsel of record respectively. Defendant **Qatar Charity** is represented by John M. Hillebrecht and Michael George Lewis of the law firm **DLA Piper LLP US**. *See* Rocco Decl. at ¶ 8 and Exs. 1 and 2. Defendant **Qatar National Bank** is represented by Douglas H. Hallward-Driemeier and Michael G. McGovern of the law firm **Ropes & Gray LLP**. *See id.* at ¶ 9 and Exs. 1 and 2. Defendant **Masraf Al Ryan** is represented by Carolina A. Fornos of the law firm **Pillsbury Winthrop Shaw Pittman LLP**. *See id.* at ¶ 10 and Exs. 1 and 2. The same five attorneys, referred to collectively hereafter as "Defendants' U.S. Counsel," also served as counsel of record for the same Defendants, respectively, in the *Przewozman* Action. *See id.* at ¶ 11 and Ex. 3.

Over the past four years, Plaintiffs' counsel, who also represent the plaintiffs in the *Force*, *Henkin*, and *Przewozman* Actions, have routinely communicated with the Defendants' U.S. Counsel over the e-mail addresses that those attorneys have designated for the receipt of Notices of Electronic Filing from this Court's CM/ECF system. *See* Rocco Decl. at ¶¶ 3, 8-11, 13 and Exs. 1, 2, 3. With respect to the claims of the *Steinberg* Plaintiffs and the Complaint in this action, Plaintiffs' counsel have been communicating with Defendants' U.S. Counsel via

3

telephone and e-mail since July 9, 2024, including for the purpose of transmitting a courtesy copy of the Complaint in this action on July 18, 2024.  *See id.* at ¶¶ 14-20 and Ex. 4.

At no point during these communications did Defendants' U.S. Counsel state or otherwise indicate that they were not authorized to represent the Defendants in connection with the *Steinberg* Plaintiffs' claims or this action.  *See* Rocco Decl. at ¶ 14.  To the contrary, Defendants' U.S. Counsel have repeatedly stated the Defendants' positions in response to Plaintiffs' counsel's requests for waiver of formal service of process, including that: (1) "Defendants…would consent to the Steinberg Plaintiffs' motion to intervene [in the *Force* Action] pursuant to Fed. R. Civ. P. 24(b)(1)(B) provided that the Steinberg Plaintiffs agree to be bound by the [*Force*] Court's ruling as to Defendants' pending motion to dismiss without further briefing" (*id.* at ¶ 15 and Ex. 4 at pp. 9-10); (2) In the event of successful intervention by the *Steinberg* Plaintiffs in the *Force* Action, "Defendants are willing to be bound by whatever decision Judge Cogan renders on Defendants' pending motion to dismiss without further briefing concerning the Steinberg complaint" (*id.* at ¶ 15 and Ex. 4 at p. 3); (3) "As you know, Defendants consented to intervention [in the *Force* Action] on July 15.  Defendants do not consent, however, to service of a wholly separate complaint initiating a new action" (*id.* at ¶ 18 and Ex. 4 at p. 8); and (4) "Please note in your motion that defendants have stated that they oppose the motion because plaintiffs are required to effect proper service consistent with the Federal Rules of Civil Procedure, Letters Rogatory, and Qatari law, but have not even attempted to do so."  *Id.* at ¶ 20 and Ex. 4 at p.1.

While Defendants' awareness of this action and Plaintiffs' counsel's requests relating to waiver of service can reasonably be inferred from the above statements by Defendants' U.S. Counsel, during a July 31, 2024 telephone conversation with Plaintiffs' counsel Patrick Rocco,

4

Ms. Fornos explicitly stated that she would communicate Mr. Rocco's request to Masraf Al Rayan. *See id*. Rocco Decl. at ¶ 19.

In *Force*, *Henkin*, and *Przewozman*, service of process on the three Defendants was accomplished through Letters Rogatory, a process which took between two years and 10 months. *See* Rocco Decl. at ¶¶ 22-24 and Exs. 1, 2, 3. While the delay in those cases may have been exacerbated by the COVID pandemic, even at the present time the U.S. Department of State warns that the "[e]xecution of letters rogatory may take a year or more worldwide." *Id.* at ¶ 25 and Ex. 6 at p.2.

## ARGUMENT

The Federal Rules of Civil Procedure generally provide for service of process upon a corporation, partnership, or other unincorporated association, "at a place not within any judicial district of the United States, in any manner prescribed by [Federal] Rule [of Civil Procedure] 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2). The cross-referenced Rule 4(f) authorizes service on an individual in a foreign country in three different ways: "(1) by an internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents," Fed. R. Civ. P. 4(f)(1), or, "(2) if there is no internationally agreed means, . . . by a method that is reasonably calculated to give notice … [including] (B) as the foreign authority directs in response to a letter rogatory or letter of request," Fed. R. Civ. P. 4(f)(2)(B), or "(3) by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3).

5

### I. THE COURT HAS DISCRETION TO ORDER ALTERNATE SERVICE UNDER RULE 4(F)(3)

"[Rule 4(f)] does not specify any hierarchy and, consistent with the rule, courts in the Second Circuit have repeatedly recognized that there is no hierarchy among the subsections in Rule 4(f). As these courts have found, a plaintiff is not required to attempt service through the other provisions of Rule 4(f) before the court may order service pursuant to Rule 4(f)(3)." *Group One Ltd. v. GTE GMBH*, 523 F. Supp. 3d 323, 341 (E.D.N.Y. 2021) (internal quotations and citations omitted; collecting authorities); *Noble Security, Inc. v. Ingamar Co.*, 2021 WL 2012508, at *4 (E.D.N.Y. May 20, 2021) (same). "Rule 4(f)(3) is 'neither a last resort nor extraordinary relief. It is merely one means among several which enables service of process on an international defendant.'" *Kaneka Corp. v. Purestart Chem Enterprise Co.*, 2017 WL 11509784, at *2 (E.D.N.Y. Oct. 17, 2017) (quoting *United States v. Lebanese Canadian Bank SAL*, 285 F.R.D. 262, 265 (S.D.N.Y. 2012)). *See also Zhang v. Baidu.com Inc.*, 293 F.R.D. 508, 511 (S.D.N.Y. 2013) ("'[C]ourt-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2) … and certainly Rule 4(f)(3) includes no qualifiers or limitations which indicate its availability only after attempting service of process by other means.'") (quoting *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002)).

"The decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the sound discretion of the district court." *Group One Ltd.*, 523 F. Supp. 3d at 342 (quoting *Merrimack Mut. Ins. Co. v. New Widetech Indus. Co.*, 2020 WL 5879405, at *1 (D. Conn. Oct. 2, 2020)). Indeed, "[a] court is afforded wide discretion in ordering service of process under Rule 4(f)(3) … even if the method of service is in contravention of the laws of the foreign country." *Payne v. McGettigan's Management Services LLC*, 2019 WL 6647804, at *1

6

(S.D.N.Y. Nov. 19, 2019) (citing *Freedom Watch, Inc. v. Organization of the Petroleum Exporting Countries*, 766 F.3d 74, 84 (D.C. Cir. 2014)).

### A. Courts Routinely Order Service on a Foreign Defendant's U.S. Counsel Pursuant to Rule 4(f)(3)

Service on a foreign defendant's U.S. counsel "'is a common form of service ordered under Rule 4(f)(3).'" *Zhang*, 293 F.R.D. at 515 (quoting *Richmond Techs., Inc. v. Aumtech Bus. Solutions*, 2011 WL 2607858, at *16 (N.D. Cal. July 1, 2011)). *See also In GLG Life Tech Corp. Securities Litig.*, 287 F.R.D. 262, 267 (S.D.N.Y. 2012) ("In many instances, courts have authorized service under Rule 4(f)(3) on an unserved party's counsel.") (collecting authorities). Likewise, "[u]nder Rule 4(f)(3), district courts in this circuit have frequently authorized service by e-mail." *In re Qiwi PLC Securities Litig.*, 2022 WL 20527316, at *6 (E.D.N.Y. Sept. 30, 2022). Indeed, in *Sotloff v. Qatar Charity and Qatar National Bank*, No. 9:22-cv-80726-DMM (Dec. 1, 2022), the U.S. District Court for the Southern District of Florida authorized service of process on Qatar Charity and Qatar National Bank via e-mails sent to their counsel of record in the *Force*, *Henkin*, and *Przewozman* Actions. *See* Rocco Decl. at ¶ 21 and Ex. 5.

### B. Service on Defendants' U.S. Counsel Is Not Prohibited By International Agreement and Comports with Due Process

By its terms, Rule 4(f)(3) requires only that service be authorized by a court and "not prohibited by international agreement." Fed. R. Civ. P. 4(f)(3). There is no international agreement between the United States and the State of Qatar that addresses service of process on Qatari nationals.[1] Hence, the only other requirement to be satisfied is that the means of service Plaintiffs propose must "comport[] with constitutional notions of due process." *Group One Ltd.*,

---

[1] *See* U.S. Department of State, Bureau of Consular Affairs, Judicial Assistance County Information – State of Qatar, https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Qatar.html.

7

523 F. Supp. 3d at 342 (internal quotation omitted). "The Due Process Clause requires that the alternative means of service be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id*. at 344 (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)); *see also Noble Security, Inc.*, 2021 WL 2012508, at *6 (same).

Plaintiffs' proposal to serve the Summons and Complaint—in English and Arabic—on Defendants' U.S. Counsel unquestionably comports with due process given that Defendants' U.S. Counsel: (1) are Defendants' counsel of record in two related actions currently pending in this District, and (2) have recently represented Defendants in other related actions in this District and the Southern District of Florida. *See* Rocco Decl. at ¶¶ 8-12, 19 and Exs. 1-3.[2] These circumstances indicate, at a minimum, that Defendants' U.S. Counsel "must be in communication with Defendant[s] in relation to the pending [*Force* and *Henkin*] legal proceedings … and will know how to locate Defendant[s]." *Ehrenfeld*, 2005 WL 696779, at *3 (ordering service under Rule 4(f)(3) on a Saudi Arabian defendant's U.S. and U.K. counsel). Significantly, in *Sotloff*, Qatar Charity and Qatar National Bank did not dispute that service of process on, respectively, the Ropes & Gray and DLA Piper law firms—then representing them in

---

[2] *See, e.g.*, *Washington State Inv. Board v. Odebrecht S.A.*, 2018 WL 6253877, at *5, 9 (S.D.N.Y. Sept. 21, 2018) (ordering service under Rule 4(f)(3) on U.S. counsel who were representing the foreign defendant in "a closely related criminal proceeding," had recently represented the defendant in an unrelated action in the same district, and had appeared for three of the defendant's subsidiaries in the instant action); *RSM Production Corp v. Fridman*, 2007 WL 2295907, at *1 (S.D.N.Y. Aug. 10, 2007) (same where U.S. counsel had previously represented the foreign defendant as plaintiff in an action in a different district that had concluded the prior year); *Ehrenfeld v. Salim a Bin Mahfouz*, 2005 WL 696769, at *1, 3 (S.D.N.Y. Mar. 23, 2005) (same where U.S. counsel were currently representing the foreign defendant in "pending legal proceedings in the United States"); *Target Corp. v. Au Optronics Corp.*, 2011 WL 845882, at *1, *3 (N.D. Cal. Mar. 8, 2011) (same where U.S. counsel were currently representing the foreign defendant in related MDL).

8

*Force*, *Henkin*, and *Przewozman*—was reasonably calculated to bring the *Sotloff* complaint to those Defendants' attention—as it in fact did. *See* Rocco at ¶ 21 and Ex. 5 at p.3.

Here, the fact that **Defendants evidently have already consulted with their U.S. Counsel about this action**—concerning whether to waive formal service, or consent to the *Steinberg* Plaintiffs' intervention in the *Force* Action, or to oppose this motion (*see* Rocco Decl. at ¶¶ 14-15, 17-20 and Ex. 4)—would by itself be sufficient to demonstrate that service on the Defendants' U.S. Counsel will comport with due process. *See, e.g.*, *Prediction Co. v. Rajharhia*, 2010 WL 1050307, at *2 (S.D.N.Y. Mar. 22, 2010)(service on Indian defendant's U.S. attorney satisfied due process based on the fact that the two had been in recent contact about the instant litigation); *Zhang*, 293 F.R.D. at 515 (service on U.S. counsel who had made a special appearance in the action to contest service of process satisfied due process given U.S. counsel's prior representation of Chinese defendant); *Wei Su v. Sotheby's, Inc.*, 2018 WL 4804675, at *4 (S.D.N.Y. Oct. 3, 2018) ("[S]ervice on a foreign party's attorney is appropriate if the attorney has had prior communications with the party and is likely to be able to notify him of the pendency of the action.").

    **C.**    **The Length of Time It Will Take to Serve the Defendants via Letters Rogatory Justifies Exercise of the Court's Discretion Pursuant to Rule 4(f)(3)**

As a practical matter, letters rogatory are the only means of service available to Plaintiffs absent an order under Rule 4(f)(3). Rule 4(f)(1) is not available because Qatar is not party to any international service agreement such as the Hague Convention. *See supra* n.2.[3] Service under Rule 4(f)(2)(A)—by the means "prescribed by [Qatari] law for service in [Qatar] in an action in its courts of general jurisdiction"—would require the engagement of willing legal counsel in

---

[3] See also STATUS TABLE, HAGUE CONFERENCE ON PRIVATE INTERNATIONAL LAW, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17

9

Qatar, which would involve additional expense, uncertainty, and delay even assuming Qatari counsel could be located who would be willing to serve U.S. legal process on entities closely affiliated with the Royal Family of Qatar.  *See* Complaint at ¶¶ 32, 35-36, 45-47.   In the *Przewozman* Action, Defendants successfully challenged the sufficiency of the service the plaintiffs attempted to effectuate pursuant to Rule 4(f)(2)(C)(ii)—by using a form of mail dispatched to Defendants by the Clerk of Court that required a signed receipt—and would no doubt reprise that challenge here.  *See Przewozman v. Qatar Charity, Qatar National Bank, and Masraf Al Rayan,* 2023 WL 2562537, at *6 (E.D.N.Y. Mar. 17, 2023) (Federal Express delivery receipt did not suffice to prove service on Masraf Al Rayan).

It will likely take at least a year for Plaintiffs to serve all three Defendants via letters rogatory.  *See supra* at p. 5.   Hence, the Court's intervention is necessary here.  Courts frequently cite similar—and even shorter—periods of delay as justification for ordering alternative service under Rule 4(f)(3).  *See, e.g., GLG Life Tech Corp.*, 287 F.R.D. at 266 (estimated 6-8 months for service in China under the Hague Convention); *Makina ve Kimya Endustrisi A.S. v. A.S.A.P. Logistics Ltd.*, 2022 WL 3018243, at *3 (S.D.N.Y. July 29, 2022)(estimated 6-8 months for service in Turkey under the Hague Convention); *Equipav S.A. Pavimentação, Engenharia e Comercia Ltda. v. Bertin*, 2022 WL 2758417, at *1, 5 (S.D.N.Y. July 14, 2022) (estimated 7-12 months for service in Brazil under the Hague Convention); *Aircraft Engine Lease Finance, Inc. v. Plus Ultra Lineas Aereas, S.A.*, 2021 WL 6621578, at *1 (S.D.N.Y. April 23, 2021) (estimated 9-12 months for service in Spain under the Hague Convention); *Vega v. Hastens Beds, Inc.*, 342 F.R.D. 61, 65 (S.D.N.Y. 2022) (10 month delay for service in Malta under the Hague Convention); *Washington State Investment Board*, 2018 WL 6253877, at *7-8 (estimated 12-18 months for service in Brazil via letters rogatory).  *See*

10

*also* Rocco Ex. 5 (*Sotloff v. Qatar Charity*, No.22-cv-80726 (S.D. Fla. Dec. 1, 2022)) at pp.6-7 and n.6 ("[T]he facts in this case merit the exercise of the Court's discretion under Rule 4(f)(3) to allow alternative service via FedEx [to the offices of Qatar Charity and Qatar National Bank in Doha] and email [to the attorneys representing Qatar Charity and Qatar National Bank in the *Force*, *Henkin*, and *Przewozman* Actions] for two reasons. First, Plaintiffs' proposed alternative service will avoid undue delay…. Second, there is no doubt that [Qatar Charity and Qatar National Bank] will receive notice of this action.").

Neither Defendants' refusal to waive formal service of process (*see* Rocco Decl. at ¶¶ 17-18 and Ex. 4 at pp. 1-2, 8), nor Defendants' conditional offer to consent to the *Steinberg* Plaintiffs' intervention in the *Force* Action (*see id.* at ¶ 15 and Ex. 4 at pp. 9-10), weighs against granting the relief Plaintiffs seek. In virtually every case in which service on U.S. counsel has been ordered pursuant to Rule 4(f)(3), foreign defendants have instructed their U.S. counsel not to accept service of process. *See, e.g., Target Corp.*, 2011 WL 845882, at *1, *3 (ordering service on U.S. counsel who had been instructed not to accept service); *Washington State Inv. Board*, 2018 WL 6253877 at *2, *6-7 (citing U.S. counsels' refusal to accept service as demonstrating the necessity of court intervention); *Ehrenfeld*, 2005 WL 696769, at *2 (same). In *RSM Production Corp.*, Judge Cote explicitly rejected the defendant's argument that substituted service would be "improper" because he had not authorized his U.S. counsel to receive process on his behalf: "Court-ordered service on counsel made under Rule 4(f)(3) serves as effective authorization 'by law' for counsel to receive service." 2007 WL 2295907, at *6.

Defendants' offer to consent to Plaintiffs' intervention in the *Force* Action is not tantamount to waiving formal service of process, as Judge Cogan has broad discretion in deciding whether to grant such a motion. *See, e.g., Jones v. Stanford*, 525 F. Supp. 3d 420, 423

11

(E.D.N.Y 2021) ("'[I]t is wholly discretionary with the court whether to allow intervention under Rule 24(b), and even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied, the court may refuse to allow intervention.'") (quoting 7C Wright & Miller, Federal Practice & Procedure § 1913 (3d ed. 2020)).  In any event, Defendants' offer is conditioned upon Plaintiffs' agreement to be bound by the outcome of Defendants' pending motion to dismiss in *Force*—a condition that Plaintiffs are free to reject and seek relief under Rule 4(f)(3).  *See Noble Security, Inc.*, 2021 WL 2012508, at *3 (rejecting argument that plaintiffs' Rule 4(f)(3) motion was mooted by defendant's conditional offer to waive service of process).

## II. ALTERNATIVELY, PLAINTIFFS REQUEST ISSUANCE OF LETTERS ROGATORY

In the event that the Court is not inclined to order service on Defendants' U.S. Counsel, resort to letters rogatory will be necessary for the reasons already explained.

The power of the federal courts to issue letters rogatory derives from 28 U.S.C. § 1781 and from the court's inherent authority.  *See United States v. Fawwaz*, 2014 WL 627083, at *2, (S.D.N.Y. Feb. 18, 2014) ("District courts have inherent authority to issue letters rogatory.  It is well-settled that the decision of whether to issue letters rogatory lies within a district court's sound discretion.") (internal quotations omitted).  Title 28, United States Code, Section 1781 states, in relevant part:

> The Department of State has power, directly, or through suitable channels . . . (2) to receive a letter rogatory issued, or request made, by a tribunal in the United States, to transmit it to the foreign or international tribunal, officer, or agency to whom it is addressed, and to receive and return it after execution.

28 U.S.C. § 1781(a)(2).  The U.S. Department of State advises that most foreign courts require letters rogatory to bear the seal of the Court and the signature of a Judge.  *See* Rocco Decl. at

12

¶ 29 and Ex. 6 at 3.  The documents to be served in the foreign jurisdiction should be exemplified copies.  *See id.*

## CONCLUSION

For the forgoing reasons, Plaintiffs respectfully requests this Court to:

(1) enter an order pursuant to Fed. R. Civ. P. 4(f)(3) authorizing Plaintiffs to serve the Summons and Complaint on Defendants by transmitting same, together with Arabic translations of same, to Defendants' counsel of record in the *Force* and *Henkin* cases at the e-mail addresses those counsel have designated as their primary e-mail addresses for purposes of receiving notices of electronic filing via this Court's Official Electronic Document Filing System; or alternatively

(2) issue the proposed Letters Rogatory submitted as Exhibits 7-9 to the Declaration of Patrick L. Rocco, bearing the Court's original signature and seal, and direct the Clerk of Court to prepare three exemplified copies of the Complaint filed on July 18, 2024 (DE 1) and the Summons issued on July 19, 2024 (DE 6).

Dated:  October 16, 2024  Respectfully submitted,

  /s/ Patrick L. Rocco
James P. Bonner (jbonner@fbrllp.com)
Patrick L. Rocco (procco@fbrllp.com)
Susan M. Davies (sdavies@fbrllp.com)
FLEISCHMAN BONNER & ROCCO LLP
81 Main Street, Suite 515
White Plains, New York 10601
(908) 516-2066

*Counsel for Plaintiffs*