UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
STUART E. STEINBERG, Individually and as Special Administrator of the ESTATE OF MAX D. STEINBERG, EVIE R. STEINBERG, PAIGE P. TEREN and JAKE R. STEINBERG,

                Plaintiffs,

-against-

QATAR CHARITY; QATAR NATIONAL BANK and MASRAF AL RAYAN,

                Defendants.
------------------------------------------------------------------- X

Case No. 24-CV-4999-ENV-SJB

Served on Defendants' U.S. Counsel on October 16, 2024

# DECLARATION OF PATRICK L. ROCCO IN SUPPORT OF PLAINTIFFS' MOTION FOR ORDER AUTHORIZING SERVICE OF PROCESS PURSUANT TO RULE 4(f)(3) OR, ALTERNATIVELY, FOR ISSUANCE OF LETTERS ROGATORY

Patrick L. Rocco declares under penalties of perjury pursuant to 28 U.S.C. § 1746 as follows:

1.      I am an attorney duly licensed to practice law in the State of New York and before this Court. I am a partner of the law firm of Fleischman Bonner & Rocco LLP, 81 Main Street, Suite 515, White Plains, New York 10601, which is co-counsel to the Plaintiffs in this action. I make this declaration in support of Plaintiffs' motion for an order, pursuant to Fed. R. Civ. P. 4(f)(3) authorizing Plaintiffs to serve the Summons and Complaint on three Qatari Defendants via electronic mail delivered to Defendants' counsel of record in two related cases currently pending in this District or, in the alternative, for an order pursuant to 28 U.S.C. § 1781 and Fed. R. Civ. P. 4(f)(2)(B) issuing the Letters Rogatory submitted as Exhibits 7-9 hereto, and directing the Clerk of Court to prepare exemplified copies of all documents to be served via said Letters Rogatory.

2.      The Plaintiffs in this action are the Estate of Max D. Steinberg, his parents, and his two siblings. The late Max Steinberg was a United States citizen who was murdered on

July 20, 2014 in a terrorist attack committed in Israel by HAMAS, which is a U.S. government-designated Foreign Terrorist Organization. The Plaintiffs allege that Defendants Qatar Charity, Qatar National Bank, and Masraf Al Rayan conspired to launder funds from the State of Qatar through the United States and Europe for the benefit of HAMAS. The Plaintiffs assert claims against all three Defendants under the Anti-Terrorism Act, 18 U.S.C. §§ 2333, 2339A and 2339B, for their roles in facilitating the terrorist attack in which Max was murdered.

**The Force, Henkin, and Przewozman Actions Against the Defendants in this District**

3.  In addition to the Steinberg estate and family members, my firm and I represent other U.S. citizens who are plaintiffs in two other law suits currently pending in this District against Qatar Charity, Qatar National Bank, and Masraf Al Rayan. *See Stuart Force, individually and as personal representative of the Estate of Taylor Force, et al. v. Qatar Charity, Qatar National Bank, and Masraf Al Rayan*, 1:20-cv-02578-BMC (the "*Force* Action") and *Anne Chana Henkin, individually and as personal representative of the Estate of Judah Herzel Henkin, et al. v. Qatar Charity, Qatar National Bank, and Masraf Al Rayan*, 1:21-cv-05716-RER-VMS (the "*Henkin* Action"). Annexed hereto as **Exhibits 1** and **2**, respectively, are true and correct copies of the E.D.N.Y. Civil Dockets for the *Force* Action and the *Henkin* Action, which were downloaded from Pacer on October 1, 2024.

4.  Defendants' motion to dismiss the complaint in the *Force* Action was fully briefed as of April 13, 2022, and remains pending before Judge Cogan. *See* Exhibit 1 at p.32 (Docket Entry 72-75).

5.  On March 31, 2023, Judge Donnelly granted Qatar National Bank's motion to dismiss the complaint in the *Henkin* Action, and denied without prejudice the motions to dismiss by Qatar Charity and Masraf Al Rayan. *See* Exhibit 2 at p.21 (Docket Entry 81). The Court authorized the *Henkin* plaintiffs to conduct jurisdictional discovery, which is currently on-going.

*See* Exhibit 2 at p.21 (Docket Entry 81), p.22 (May 18, 2023 Minute Order), p.24 (Docket Entry 106), p.25 (July 27, 2023 Minute Order), pp.27-28 (September 5, 2024 Minute Order).

6. A third law suit in this District against Qatar Charity, Qatar National Bank, and Masraf Al Rayan was dismissed on July 11, 2023. Annexed hereto as **Exhibit 3** is a true and correct copy of the E.D.N.Y. Civil Docket for that case, *Chaim Dov Przewozman, et al. v. Qatar Charity, Qatar National Bank, and Masraf Al Rayan*, 1:20-cv-06088-NGG-TAM (the "*Przewozman* Action"), which was downloaded from Pacer on October 1, 2024.

7. Like the complaint in the above-captioned *Steinberg* Action, the complaints in the *Force*, *Henkin*, and *Przewozman* Actions allege that Defendants Qatar Charity, Qatar National Bank, and Masraf Al Rayan conspired with the government and Royal Family of Qatar to provide material support to terrorist organizations to commit terror attacks in Israel in which U.S. citizens were killed and injured. All four cases assert claims against the Defendants under the Anit-Terrorism Act, 18 U.S.C. §§ 2333, 2339A and 2339B.

**The Defendants' U.S. Counsel in the *Force*, *Henkin*, and *Przewozman* Actions**

8. Exhibits 1 and 2 reflect that the following attorneys associated with the law firm **DLA Piper LLP US** are counsel of record for Defendant **Qatar Charity** in both the *Force* and *Henkin* Actions, and that their e-mail addresses for receipt of notices of electronic filing in those actions are as follows: John M. Hillebrecht (john.hillebrecht@dlapiper.com) and Michael George Lewis (michael.lewis@dlapiper.com). *See* Exhibit 1 at p.20 and Exhibit 2 at pp.9-10.

9. Exhibits 1 and 2 reflect that the following attorneys associated with the law firm **Ropes & Gray LLP** are counsel of record for Defendant **Qatar National Bank** in both the *Force* and *Henkin* Actions, and that their e-mail addresses for receipt of notices of electronic filing in those actions are as follows: Douglas H. Hallward-Driemeier (douglas.hallward-

3

driemeier@ropesgray.com) and Michael G. McGovern (michael.mcgovern@ropesgray.com). *See* Exhibit 1 at pp.20-21 and Exhibit 2 at p.10.

10. Exhibits 1 and 2 reflect that Carolina A. Fornos of **Pillsbury Winthrop Shaw Pittman LLP** is counsel of record for Defendant **Masraf Al Rayan** in both the *Force* and *Henkin* Actions, and that her e-mail address for receipt of notices of electronic filing in those actions is Carolina.fornos@pillsburylaw.com. *See* Exhibit 1 at p.21 and Exhibit 2 at pp.10-11.

11. Exhibit 3 reflects that in the *Przewozman* Action, (a) **Qatar Charity** was represented by attorneys John M. Hillebrecht and Michael George Lewis of **DLA Piper LLP US**; (b) **Qatar National Bank** was represented by attorneys Douglas H. Hallward-Driemeier and Michael G. McGovern of **Ropes & Gray LLP**, and (c) **Masraf Al Rayan** was represented by Carolina A. Fornos of **Pillsbury Winthrop Shaw Pittman LLP**. *See* Exhibit 3 at pp.3-5.

12. The individual attorneys and law firms listed in paragraphs 8-11 above will be referred to collectively hereafter as "Defendants' U.S. Counsel."

13. I have been involved in prosecuting the *Force, Henkin*, and *Przewozman* Actions for more than four years. During that four-year period, I have communicated with Defendants' U.S. Counsel, including by using the e-mail addresses listed in paragraphs 8-10 above.

**My Communications With Defendants' U.S. Counsel Concerning This Action**

14. Since July 9, 2024, I have been in e-mail communication with Defendants' U.S. Counsel concerning the *Steinberg* Plaintiffs' claims and this action. In response to my e-mails, Defendants' U.S. Counsel have communicated on behalf of the Defendants. At no point over the past three months did Defendants' U.S. Counsel state or otherwise indicate that they were not authorized to speak on behalf of Defendants about the *Steinberg* Plaintiffs' claims or this action. True and correct copies of those e-mail communications between myself and Defendants' U.S. Counsel are annexed hereto as **Exhibit 4**.

4

15. Initially, I asked Defendants' U.S. Counsel if Defendants would consent to the Steinberg family's intervention in the *Force* Action. *See* Exhibit 4 at pp.12-13 (Rocco July 9, 2024 e-mail). In a July 15, 2024 e-mail with the subject line "RE: Force et al v. Qatar Charity et al, No. 20-cv-02578," which was copied to the other Defendants' U.S. Counsel, Carolina A. Fornos of Pillsbury Winthrop Shaw Pittman LLP responded to that request, stating: "***Defendants have discussed this matter, and we would consent to the Steinberg Plaintiffs' motion to intervene pursuant to Fed. R. Civ. P. 24(b)(1)(B) provided that*** the Steinberg Plaintiffs agree to be bound by the Court's ruling as to Defendants' pending motion to dismiss without further briefing." *See id*. at pp.9-10 (emphasis added). In a subsequent e-mail, sent on September 3, 2024 and copied to the other Defendants' U.S. Counsel, Ms. Fornos stated: "***[D]efendants are willing to be bound*** by whatever decision Judge Cogan renders on Defendants' pending motion to dismiss without further briefing concerning the *Steinberg* complaint." *See id*. at p.3 (emphasis added).

16. Because expiration of the statute of limitations applicable to their claims was imminent, rather than seeking to intervene in the *Force* Action, the Steinberg family commenced this action on July 18, 2024, identifying the pending *Force* and *Henkin* Actions as related cases. *See* Docket Entry 1-1 (Civil Cover Sheet), and July 19, 2024 Docket Entry ("Notice of Related Case: The Civil Cover Sheet filed in this civil action indicates a related case (20-cv-2578)(21-cv-5716)(CV)(Entered: 7/19/2024).")

17. On July 18, 2024, I e-mailed a courtesy copy of the Complaint in this action to Defendants' U.S. Counsel, and requested that counsel accept service of same on behalf of the Defendants. *See* Exhibit 4 at pp.8-9. That email explained Plaintiffs' change of strategy, as follow:

> Thank you for your offer to consent to the *Steinberg* plaintiffs' intervention in *Force*. We are unwilling to delay effectuating service pending resolution of a motion to intervene in *Force*, and we are doubtful that such a motion will be successful given that the cases are currently assigned to separate judges. We propose instead that Defendants agree to waive formal service of the *Steinberg* complaint in exchange for the *Steinberg* plaintiffs' agreement to jointly seek a determination that the *Steinberg* case is related to the first-filed *Force* case. In the event that Judge Cogan accepts the *Steinberg* case as related, the *Steinberg* plaintiffs are willing, on a reciprocal basis, to be bound by the outcome of the pending motion to dismiss in *Force*.

18. In an e-mail sent on July 29, 2024 and copied to the other Defendants' U.S. Counsel, Ms. Fornos responded: "As you know, **Defendants consented** to intervention on July 15th. **Defendants do not consent**, however, to service of a wholly separate complaint initiating a new action against our clients by the Steinberg Plaintiffs—the fourth such litigation in this district in as many years. Defendants' prior consent to intervention was specifically grounded in our understanding that this would preserve judicial resources, and otherwise avoid the burdens attendant to mounting a separate defense to new allegations. For the avoidance of doubt, ***Defendants would still consent to and believe the most appropriate path forward is the Steinberg Plaintiffs' filing a motion to intervene pursuant to Fed. R. Civ. P. 24(b)(1)(B) provided that*** the Steinberg Plaintiffs agree to be bound by the Court's ruling as to Defendants' pending motion to dismiss without further briefing." *Id.* at p.8 (emphases added).

19. Thereafter, I engaged in further communications with Defendants' U.S. Counsel, continuing to seek their acceptance of service of the *Steinberg* Complaint on behalf of the Defendants. On July 31, 2024, I spoke with Ms. Fornos by telephone to request that Defendants waive formal service of the *Steinberg* Complaint and join the *Steinberg* Plaintiffs in seeking a judicial determination pursuant to Rule 3 of the Rules for the Division of Business for the Eastern District of New York that the *Steinberg* Action is related to the first-filed *Force* Action. During that call, Ms. Fornos indicated that she would consult with her client Masraf Al Rayan

6

concerning my proposal.

20. Most recently, on September 18, 24 and 26, I e-mailed Defendants' U.S. Counsel concerning the *Steinberg* Plaintiffs' intention to file the instant application, and requested Defendants' U.S. Counsels' input regarding a proposed briefing schedule. *See* **Exhibit 4** at pp.1-3. In a September 30, 2024 e-mail, copied to the other Defendants' U.S. Counsel, without addressing the briefing schedule for this application, Ms. Fornos stated: "Please note in your motion that ***defendants have stated that they oppose the motion*** because plaintiffs are required to effect proper service consistent with the Federal Rules of Civil Procedure, Letters Rogatory, and Qatari law, but have not even attempted to do so." *See id.* at p.1 (emphasis added).

**Unreported Decision in *Sotloff v. Qatar Charity, et al.*, No. 9:22-cv-80726-DMM (S.D. Fla.)**

21. On December 1, 2022, the U.S. District Court for the Southern District of Florida, in an unreported decision a true and correct copy of which is annexed hereto as **Exhibit 5**, ordered service of process on Qatar Charity and Qatar National Bank pursuant to Fed. R. Civ. P. 4(f)(3) via Federal Express delivery to their offices in Qatar and e-mail delivery to their counsel of record in the *Force*, *Henkin*, and *Przewozman* Actions, all then pending in this District.

**Service of Process by Letters Rogatory**

22. The plaintiffs in the *Force*, *Henkin*, and *Przewozman* Actions effected service on Qatar Charity, Qatar National Bank, and Masraf Al Rayan via letters rogatory. The *Force* Action was commenced on June 10, 2020. *See* **Exhibit 1** at p.1. Judge Cogan issued letters rogatory for service of process on the Defendants in Qatar on September 17, 2020. *See id.* at p.24 (ECF 18). On September 2, 2022—***almost 2 years later***—the Clerk of Court docketed in the *Force* Action a notification from the U.S. Department of State that the Qatari authorities had returned the executed letters rogatory to the U.S. Department of State on June 12, 2022. *See id.* at p.33 (ECF 81). *See also id.* at pp.32-33 at ECF 77, 78 and 80 (Defendants' letters to the Court

7

acknowledging receipt of service via letters rogatory and withdrawing challenges to service in their pending motions to dismiss).

23. The *Henkin* Action was commenced on October 13, 2021. *See* Exhibit 2 at p.1. On November 10, 2021, Judge Donnelly issued letters rogatory for service of process on the Defendants in Qatar. *See id*. at p.13 (ECF 16-18). On September 2, 2022—***almost 10 months later***—the Clerk of Court docketed in the *Henkin* Action a notification from the U.S. Department of State that the Qatari authorities had returned the executed letters rogatory to the U.S. Department of State on June 12, 2022. *See id*. at p.20 (ECF 73). *See also id*. at p.19 at ECF 69, 70 and 72 (Defendants' letters to the Court acknowledging receipt of service via letters rogatory and withdrawing challenges to service in their then-pending motions to dismiss).

24. The *Przewozman* Action was commenced on December 15, 2020. *See* Exhibit 3 at p.1. On January 5, 2021, Judge Garaufis issued letters rogatory for service of process on the Defendants in Qatar. *See id*. at p.6 (ECF 10). On September 2, 2022—***over a-year-and-a-half later***—the Clerk of Court docketed in the *Przewozman* Action a notification from the U.S. Department of State that the Qatari authorities had returned the executed letters rogatory to the U.S. Department of State on June 12, 2022. *See id.* at p.12 (ECF 58). *See also id*. at p.12 at ECF 54, 54, and 57 (Defendants' letters to the Court acknowledging receipt of service via letters rogatory and withdrawing challenges to service in their then-pending motions to dismiss).

25. Annexed hereto as **Exhibit 6** is a copy of the U.S. Department of State's publication "Preparation of Letters Rogatory" which was retrieved from the official website of the U.S. Department of State at https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/obtaining-evidence/Preparation-Letters-Rogatory.html on October 2, 2024. At page 2, this publication states that "Execution of letters rogatory may take a year or more."

8

26. Annexed hereto as **Exhibit 7** is a proposed Request for International Judicial Assistance directed to the Appropriate Judicial Authority of the State of Qatar seeking assistance in effecting service of the Summons and Complaint on **Qatar Charity**.

27. Annexed hereto as **Exhibit 8** is a proposed Request for International Judicial Assistance directed to the Appropriate Judicial Authority of the State of Qatar seeking assistance in effecting service of the Summons and Complaint on **Qatar National Bank**.

28. Annexed hereto as **Exhibit 9** is a proposed Request for International Judicial Assistance directed to the Appropriate Judicial Authority of the State of Qatar seeking assistance in effecting service of the Summons and Complaint on **Masraf Al Rayan**.

29. The U.S. Department of State advises that letters rogatory must bear the seal of the Court and a judge's signature. *See* Exhibit 6 hereto at p.3. The documents to be served pursuant to the letters rogatory must be exemplified copies.

30. There has been no prior request for any of the relief requested herein.

I declare under penalties of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed in Middlesex County, New York on October 16, 2024.

                                                /s/ Patrick L. Rocco